**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NICHOLAS ZIMMERMAN,**

                **Plaintiff,**                 **No. 06-cv-0176**
                                                                    **(GLS-GHL)**

            **v.**

**JOHN W. BURGE,** *Superintendent of*
*Auburn Correctional Facility,* **et al.,**

                **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
NICHOLAS ZIMMERMAN
*Pro Se*
02-A-1663
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO           MARIA MORAN, ESQ.
New York Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

**<u>MEMORANDUM-DECISION AND ORDER</u>**

## I. Introduction

Nicholas Zimmerman, an inmate at Auburn Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, seven employees of the New York State Department of Correctional Services ("DOCS"), violated his constitutional rights when, in broad strokes, they sentenced him to a lengthy term of solitary confinement with limited visitation privileges and inadequate access to medical care. (*See* Compl.; Dkt. No. 1.) On February 9, 2006, Zimmerman moved for preliminary relief, seeking an order directing the defendants to place him in the Intermediate Care Program at Auburn Correctional Facility. (Dkt. No. 4.) Subsequently, on November 14, 2006, Zimmerman moved for summary judgment on three of his five claims. (Dkt. No. 25.) By submission dated December 19, 2006, defendants opposed both motions and sought dismissal of two of the three claims at issue in Zimmerman's motion for summary judgment. (Dkt. No. 28.) The motions were referred to Magistrate Judge George H. Lowe for report and recommendation. On September 28, 2007, Judge Lowe issued a Report-Recommendation ("R&R") recommending that Zimmerman's motions be denied and that three of Zimmerman's five claims

be dismissed. (*See* Dkt. No. 31.)[1] Pending are Zimmerman's timely objections ("Objections") to the R&R. (Dkt. No. 33.) For the reasons that follow, the R&R is adopted.

## II. Discussion

### A. Equal Protection Claim

Judge Lowe recommended dismissal of Zimmerman's purported equal protection claim on the grounds that no such claim was even arguably presented in Zimmerman's Complaint, and Zimmerman could not raise such a claim for the first time in his motion for summary judgment.[2] What is more, Judge Lowe concluded that even if he could liberally construe the Complaint as attempting to assert such a claim, the facts alleged in the Complaint "do not plausibly, or even conceivably, suggest such a claim." (R&R at 6; Dkt. No. 31.) Zimmerman has specifically objected to Judge Lowe's recommendation in this regard. Accordingly, the court has reviewed this recommendation *de novo*. *See Brito v. Phillips,*

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] On the first page of his motion for summary judgment, Zimmerman asserts that he is seeking summary judgment only on his due process and cruel and unusual punishment claims. However, in "Point IIB" of his memorandum of law in support of summary judgment, he argues that the defendants violated his rights to equal protection. (*See* Dkt. No. 25.)

3

485 F.Supp.2d 357, 360 (S.D.N.Y. 2007) ("[W]here objections to a report are specific and address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections.") (citations and quotations omitted).

Upon *de novo* review, the court concurs with Judge Lowe that, even construed liberally, the Complaint does not assert an equal protection claim. As to Zimmerman's argument that he could provide factual support for such a claim if only he could conduct discovery, in filing a motion for summary judgment Zimmerman implicitly conceded that the claim was primed for resolution on the merits without the need for additional fact-finding.[3]  Accordingly, because the Complaint makes no mention of an equal protection claim and because there are no factual predicates for such a claim, Zimmerman's equal protection claim is dismissed.

**B.    Fifth Amendment Double Jeopardy Claim**

Zimmerman objects in cursory terms to Judge Lowe's recommendation that his double jeopardy claim be dismissed.  (*See*

---

[3] Zimmerman's argument that he was forced to file his motion for summary judgment prematurely in light of impending deadlines is without merit.  Zimmerman has not pointed to any relevant deadlines and the court's own review of the record in this case reveals none.

4

Objections at 2 ("In any event, I object to Lowe's report and the defendants 'reply' on this point.").) In light of this general objection, the court has reviewed the R&R for clear error insofar as it addresses the double jeopardy claim. *See McAllan v. Von Essen,* 517 F.Supp.2d 672, 679 (S.D.N.Y. 2007) ("If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations and quotations omitted). Upon such review, the court adopts Judge Lowe's reasoning and conclusion. Accordingly, Zimmerman's Fifth Amendment double jeopardy claim is dismissed.

## C.     Fourteenth Amendment Due Process Claim

In light of Zimmerman's specific objections to the R&R's treatment of his due process claim, the court has reviewed that portion of the R&R *de novo.* Upon such review, the court concludes that Zimmerman's objections are without merit.

As an initial matter, there is no merit to Zimmerman's contention that Judge Lowe should not be permitted to raise arguments for the defendants. Judge Lowe merely pointed out that the defendants' brief had not properly set forth the complete legal standard for evaluating a procedural due

5

process claim. Judge Lowe then proceeded to evaluate the claim under the proper legal standard. It defies logic to suggest that Judge Lowe should have evaluated the claim under a faulty standard simply because the parties had proposed such a standard.

Turning to the standard itself, Zimmerman has argued that he recognizes that he has no constitutional right to contact visits, and that he is simply challenging the procedures that were utilized to deny him the privilege of contact visits. (*See* Objections at 7; Dkt. No. 33.) Zimmerman misses the point. He cannot state a claim for procedural due process without first establishing that he has been denied a liberty or property interest. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989).[4] As Zimmerman concedes, there is abundant case law establishing that inmates have no liberty or property interest in contact visits. *See, e.g., Baskerville v. Goord,* No. 97-cv-6413, 1998 WL 778396, at *6 (S.D.N.Y. Nov. 5, 1998) ("It is well established . . . that contact visits of prison inmates are a privilege for inmates, not a right, and thus do not

---

[4]In *Thompson,* the Court explained the standard as follows: "We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Thompson,* 490 U.S. at 460 (internal citations omitted).

6

give rise to a liberty interest protected by the due process clause."). Therefore, it is not necessary for the court to reach the second prong of the due process analysis, that is, "whether the procedures attendant upon th[e] deprivation were constitutionally sufficient." *Thompson,* 490 U.S. at 460.

There is some authority for the proposition that prison and/or state regulations may *create* a liberty interest in contact visits. *See Daniels v. Walker,* No. 93-cv-0570, 1995 WL 760707, at *3 (N.D.N.Y. Nov. 25, 1995) ("Sections 200.2 through 200.5 of Title 7 of New York's Comprehensive Rules and Regulations clearly create and safeguard a liberty interest in contact visitation."). It is possible that this is the argument that Zimmerman is making. To the extent that Zimmerman so argues, however, Judge Lowe has persuasively rejected this position. As Judge Lowe notes, following the Supreme Court's decision in *Sandin v. Connor,* 515 U.S. 472 (1995), state regulations may create liberty interests that are protected by the Due Process Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

7

*Id.* at 484. In light of the post-*Sandin* cases cited by Judge Lowe in footnote 53 of the R&R, the court has no trouble adopting his conclusion that "restrictions on the conditions in which inmates may visit with non-inmates would appear to be a hardship on inmates that is rather typical and necessary (in relation to the ordinary incidents of prison life)." (R&R at 28-29; Dkt. No. 31.)

In summary, upon *de novo* review, the court finds no flaws in Judge Lowe's analysis of Zimmerman's due process claim. Accordingly, the court adopts Judge Lowe's analysis, and Zimmerman's due process claim is dismissed.

D. **Eighth Amendment Claim Based on Visitation Restrictions[5]**

Zimmerman has specifically objected to Judge Lowe's recommendation that his Eighth Amendment claim based on visitation restrictions be dismissed; accordingly, the court has reviewed Judge Lowe's recommendation *de novo*.

Zimmerman objects to the *sua sponte* dismissal of his Eighth Amendment claim because his motion for summary judgment on his Eighth

---

[5] Judge Lowe addressed the Eighth Amendment claim only insofar as it concerned the limitation on contact visits. Judge Lowe did not address the Eighth Amendment claim insofar as it concerned the sentence to ten years in SHU.

Amendment claim was unopposed. However, the court need not grant summary judgment in favor of Zimmerman merely because his motion is unopposed. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). Moreover, the court may dismiss a case brought by a *pro se* prisoner at any time if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Judge Lowe properly concluded that Zimmerman's Eighth Amendment claim regarding visitation restrictions fails to state a claim on which relief may be granted.

According to his Objections, Zimmerman has been denied contact visits for two and a half years.[6] It appears--though it is nowhere explicitly stated in the record--that the restriction on contact visits is ongoing and is to continue indefinitely.[7] Even so, this restriction does not violate the

---

[6] Zimmerman objects to the R&R to the extent that it misstates the date that Zimmerman was placed on non-contact status. The R&R fixes the date at June 30, 2005; Zimmerman says he was placed on non-contact status on June 15, 2005. It appears that the actual date was June 17, 2005. (*See* Memorandum Decision of Anthony Annucci dated June 23, 2006, attached as Ex. A to the Affirmation of Ed Thompson; Dkt. No. 28.) However, this slight discrepancy is immaterial to Judge Lowe's analysis.

[7] The Memorandum Decision issued by Anthony Annucci, Deputy Commissioner and Counsel of DOCS, provides that "Inmate Zimmerman may write to the Superintendent to make

9

Eighth Amendment.  In *Overton v. Bazzetta,* 539 U.S. 126 (2003), the Supreme Court held that a visitation restriction which limited inmates with multiple substance abuse violations to no visitors except attorneys and members of the clergy for two years did not violate the Eighth Amendment. *See id.* at 130, 136-37.  The Court suggested that it might have reached a different conclusion had the withdrawal of visitation privileges been permanent.  *See id.* at 137.  From this, Zimmerman argues that the indefinite visitation restriction to which he is currently being subjected is cruel and unusual punishment.  However, the restriction at issue in *Bazzetta* was also indefinite, in the sense that it would not come to an end absent affirmative action on the part of prison officials.  *See id.* at 130.[8]  As in *Bazzetta,* the visitation restriction at issue in this case may be lifted if the Superintendent determines it is no longer necessary.  *See supra* note 7. Moreover, unlike in *Bazzetta*, Zimmerman is not wholly prevented from

---

a statement on the need for continuing these special precautions and to request that the Superintendent consider modifying the restrictions in place." (Memorandum Decision of Anthony Annuci dated June 23, 2006, attached as Ex. A to the Affirmation of Ed Thompson; Dkt. No. 28.)

[8]As the Sixth Circuit described it, "once a ban is imposed it can only be removed at the discretion of prison officials, who need not explain their decisions and may continue the ban for any reason or no reason at all.  The department has described the ban as a two-year ban, but in fact it is a permanent ban that may be removed after two years." *Bazzetta v. McGinnis,* 286 F.3d 311, 322 (6th Cir. 2002).

10

having visitors; instead, he is subjected to the lesser imposition of non-contact visitation.

In light of the Supreme Court's decision in *Bazzetta,* as well as the other cases cited in the R&R, the court agrees with Judge Lowe's conclusion that the visitation restrictions to which Zimmerman is subjected do not violate the Eighth Amendment.[9]  Accordingly, Zimmerman's Eighth Amendment claim is dismissed insofar as it concerns the visitation restrictions.

### E.    Rule 7.1(a)(3) Violation

Judge Lowe recommended dismissal of the three claims on which Zimmerman sought summary judgment, *i.e.,* the double jeopardy claim, the due process claim, and the Eighth Amendment claim based on visitation restrictions.  As discussed *supra* in sections II-B, C, and D of this opinion, the court has adopted said recommendation.  In the alternative, Judge

---

[9] In his Objections, Zimmerman notes that he has "endured the painstaking process of scouring the digest for a case in this circuit that holds more than two years of non-contact visits is not a hardship," and has found none.  (Objections at 4; Dkt. No. 33.)  Although the court recognizes that Zimmerman may not have access to electronic databases, at least one court has held that a loss of contact visitation privileges for a period of three years does not constitute cruel and unusual punishment.  *See Phillips v. Girdich,* No. 03-cv-1019, 2007 WL 3046744, at *6 (N.D.N.Y. Oct. 17, 2007) ("Here, Phillips' three-year loss of contact visits and six separate incidents of not being able to see his family did not dramatically depart from accepted standards for conditions of confinement, create inhumane prison conditions, or otherwise give rise to any conditions or events that would violate the Eighth Amendment's proscription of cruel and unusual punishments.") (internal quotations and citations omitted).

11

Lowe recommended that Zimmerman's motion for summary judgment on these three claims be denied for failure to comply with N.D.N.Y. R. 7.1(a)(3). Zimmerman has objected to this alternative recommendation. However, because the court has dismissed the three claims at issue, the court need not address the local rule violations.

## F.     Preliminary and Permanent Injunction

Zimmerman has lodged a specific objection with respect to the R&R's treatment of his motion for a preliminary and permanent injunction. Upon *de novo* review, the court concurs with Judge Lowe's treatment of Zimmerman's motion. Zimmerman has not established irreparable harm or a likelihood of success on the merits. Accordingly, Zimmerman's motion for a preliminary and permanent injunction is denied.

## III. Conclusion

In summary, the following claims are dismissed: (1) the equal protection claim; (2) the double jeopardy claim; (3) the due process claim; and (4) the Eighth Amendment claim relating to visitation restrictions. The following claims survive: (1) the Eighth Amendment claim relating to the length of SHU confinement; and (2) the Eighth Amendment deliberate indifference claim. It appears that the motion filing deadline in this case

has not yet passed; accordingly, defendants may seek summary judgment on the outstanding claims should they so choose.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge Lowe's Report-Recommendation is adopted; and it is further

**ORDERED** that Zimmerman's motion for a preliminary and permanent injunction (Dkt. No. 4) is DENIED; and it is further

**ORDERED** that Zimmerman's motion for partial summary judgment (Dkt. No. 25) is DENIED; and it is further

**ORDERED** that defendants' cross motion for partial dismissal (Dkt. No. 28) is GRANTED, and Zimmerman's double jeopardy and due process claims are DISMISSED; and it is further

**ORDERED** that Zimmerman's equal protection claim is DISMISSED; and it is further

**ORDERED** that Zimmerman's Eighth Amendment claim regarding visitation restrictions is DISMISSED; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

13

Albany, New York
March 27, 2008

                                                                                 */s/ Gary L. Sharpe*
                                                                                 Gary L. Sharpe
                                                                                  U.S. District Judge