UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS ZIMMERMAN,

                                        Plaintiff,

                                                        9:06-CV-0176
v.                                                      (GLS/GHL)

JOHN W. BURGE, et al.,

                                        Defendants.

_____

APPEARANCES:                                   OF COUNSEL:

NICHOLAS ZIMMERMAN, 02-A-1663
Plaintiff *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

HON. ANDREW M. CUOMO                           HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Nicholas

Zimmerman alleges that Defendants Joe Wolczyk, Donald Selsky, Captain Rourke, Harold

Graham, and Thomas Eagen[1] violated his Eighth Amendment rights by sentencing him to ten

_____

[1]      The caption of Defendants' moving papers refers to this Defendant as "Egan."
The body of Defendants' papers refer to him as "Eagan."  In light of this discrepancy, I have used

years of solitary confinement in the Special Housing Unit ("SHU") and refusing to allow him to

participate in the Intermediate Care Program[2]. Currently pending before the Court is Defendants'

partial motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No.

42.)  Defendants seek dismissal of (1) Plaintiff's claims against Defendants in their official

capacities; and (2) Plaintiff's Eighth Amendment medical care claim.  Defendants do not seek

dismissal of Plaintiff's Eighth Amendment claim regarding his ten-year SHU confinement.  For

the reasons that follow, I recommend that Defendants' motion be granted.

## I.    BACKGROUND

### A.    Summary of Plaintiff's Complaint

Plaintiff's complaint is quite cursory.  Regarding his Eighth Amendment medical care

claim, Plaintiff alleges that:

> On October 25, 2005, Defendant[ ] Captain Rourke violated
> Plaintiff's Eighth Amendment rights to adequate medical care by
> refusing to allow Plaintiff to seek mental health by participating in the
> Intermediate Care Program.
>
> On November 10, 2005, Defendant Superintendent Graham violated
> Plaintiff's Eighth Amendment rights to adequate medical care by
> affirming Captain Rourke's decision to deny Plaintiff's admittance to
> the Intermediate Care Program.
>
> On December 14, 2005, Defendant Thomas Eagen violated Plaintiff's
> rights to adequate medical care by affirming Superintendent
> Graham's decision to deny Plaintiff's admittance to the Intermediate
> Care Program.

(Dkt. No. 1 at 5, ¶¶ 16-18.)

---

the spelling provided by Plaintiff in the complaint.

[2]        Plaintiff's complaint contained additional claims against additional Defendants.
Those claims were dismissed on March 28, 2008.  (Dkt. No. 35.)

Plaintiff sues Defendants "in their individual capacities and in their official capacities as officials of the New York State Department of Corrections."  (Dkt. No. 1 at 2.)

In his prayer for relief Plaintiff requests (1) a declaration that Defendants violated Plaintiff's constitutional rights; (2) an injunction requiring Defendants to place Plaintiff in the Intermediate Care Program; (3) the reversal and expungement or reduction of Plaintiff's ten-year SHU sentence; (4) $1 million in compensatory damages; (5) $200,000 in punitive damages from each Defendant; and (6) costs and attorney fees.  (Dkt. No. 1 at 8.)

**B.      Summary of Grounds in Support of Defendants' Motion**

Defendants argue that (1) the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities; (2) Plaintiff does not allege sufficient personal involvement on the part of Defendants Rourke, Graham, or Eagen; (3) Plaintiff cannot prevail on his Eighth Amendment medical care claim because Defendants were not deliberately indifferent to a serious medical need; and (4) Defendants are entitled to qualified immunity.  (Dkt. No. 42-4.)

**C.      Summary of Plaintiff's Response to Defendants' Arguments**

In response, Plaintiff argues that (1) even if the Eleventh Amendment bars his claims against Defendant in their official capacities, he has also sued them in their individual capacities; (2) Defendants were personally involved because they failed to remedy a wrong after learning of it; (3) Plaintiff suffered from depression and suicidal tendencies and Defendants' refusal to allow him to participate in the Intermediate Care Program constituted deliberate indifference; and (4) Defendants are not entitled to qualified immunity.  (Dkt. No. 43.)

3

## II.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Major League Baseball Properties, Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008). Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[3] Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4] In determining whether a genuine issue of material[5] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the

---

[3]     *Matsushita*, 475 U.S. at 585-86; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . .").

[4]     *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[5]     A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

moving party.[6]

**B.    Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

To the extent that a defendant's motion for summary judgment under Federal Rule of

Civil Procedure 56 is based entirely on the plaintiff's complaint, such a motion is functionally the

same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6).  As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause

of action upon motion for summary judgment." *Schwartz v. Compagnise General*

*Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) [citations omitted]; *accord*, *Katz v. Molic*,

128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56

summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or

without notice to the parties.").  Moreover, even where a defendant has not advanced such a

failure-to-state-a-claim argument on a motion for summary judgment, a district court may, *sua*

*sponte*, address whether a *pro se* prisoner has failed to state a claim upon which relief may be

granted.[7]  For these reasons, it is appropriate to briefly summarize the recently clarified legal

standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a

---

[6]        *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted];
*Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[7]        The authority to conduct this *sua sponte* analysis is derived from two sources: (1)
28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss [a] case [brought by a
prisoner proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . .
is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . .
seeks monetary relief against a defendant who is immune from such relief"; and (2) 28 U.S.C. §
1915A(b), which provides that, "[o]n review, the court shall . . . dismiss the [prisoner's]
complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to
state a claim upon which relief may be granted . . . ."

complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). It has long been understood that a defendant may base such a motion on either or both

of two grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil

Procedure 8(a)(2);[8] or (2) a challenge to the legal cognizability of the claim.[9]

     Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim

---

     [8]     *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

     [9]     *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord, Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

*showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added].  By

requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain

statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds

upon which it rests."[10]  The main purpose of this rule is to "facilitate a proper decision on the

merits."[11]  A complaint that fails to comply with this rule "presents far too heavy a burden in

terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of [plaintiff's] claims."[12]

    The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2)

as "simplified" and "liberal," and has repeatedly rejected judicially established pleading

---

[10]    *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[11]    *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[12]    *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.).  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

requirements that exceed this liberal requirement.[13]  However, it is well established that even this liberal notice pleading standard "has its limits."[14]  As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[15]

Most notably, in *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[13]     *See*, *e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[14]     2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[15]     *See*, *e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See*, *e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

entitle him to relief." 127 S. Ct. 1955, 1968-69[16] (2007).[17]  Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Rule 8 "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the pleader is entitled to relief," Rule 8(a)(2) requires that the pleading give the defendant "fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests. *Id*. at 1965, n.3 [citation omitted].  While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 1965 [citations omitted].  What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Bell Atlantic* governs *all*

---

[16]    All references to *Bell Atlantic* will cite the Supreme Court Reporter rather than the United States Reports.  The United States Reports version of the case does not include page numbers at this time.

[17]    The Court in *Bell Atlantic* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic*, 127 S. Ct. at 1969.

claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Bell Atlantic*).[18]  The Second Circuit has also recognized that this *plausibility* standard governs claims brought even by *pro se* litigants (although the plausibility of those claims is be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[19]

It should be emphasized that Rule 8's plausibly standard, explained in *Bell Atlantic*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Rule 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Bell Atlantic*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim.  *Bell Atlantic*, 127 S. Ct. 1965,

_____

[18]     *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[19]     *See, e*., *Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]).  That statement in no way meant that all

pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the

claim and the "grounds" on which the claim rests without ever having to allege any facts

whatsoever.[20]  There must still be enough facts alleged to raise a right to relief above the

speculative level to a plausible level, so that the defendant may know what the claims are and the

grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for

---

[20]	For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil
rights complaint because, although the complaint was otherwise factually specific as to how the
prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of
approximately 18 months, the complaint (according to the district court) failed to allege facts
plausibly suggesting that the termination caused the prisoner "substantial harm."  127 S. Ct. at
2199.  The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8
and *Bell Atlantic*, all that is required is "a short and plain statement of the claim" sufficient to
"give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the
plaintiff had alleged that the termination of his hepatitis C medication for 18 months was
"endangering [his] life" and that he was still in need of treatment for [the] disease."  *Id.* at 2200.
While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision
(and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need
mentioning in the short decision: a claim of deliberate indifference to a serious medical need
under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious
medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental
state possessed by prison officials with regard to that sufficiently serious medical need.  The
*Erickson* decision had to do with only the first element, not the second element.  *Id.* at 2199-
2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that,
during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation
plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not
*also* allege that he suffered an independent and "substantial injury" as a result of the termination
of his hepatis C medication.  *Id.*  This point of law is hardly a novel one.  For example, numerous
decisions, from district courts within the Second Circuit alone, have found that suffering from
hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment.
*See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004);
*Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson
v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002
WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL
760751, at *9 (S.D.N.Y. June 13, 2000).

dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[21]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[22]  In other words,  while all pleadings are to be construed liberally under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.

For example, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.[23]  Moreover, "courts

---

[21]        *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[22]        *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[23]        "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord,* 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia, Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'"  *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a matter of right, to amend his complaint once at any time before the service of a responsive pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to dismiss) [citations omitted].

must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

they suggest."[24]  Furthermore, when addressing a *pro se* complaint, *generally* a district court

"should not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated."[25]  Of course, an opportunity to

amend is not required where the plaintiff has already amended his complaint.[26]  In addition, an

opportunity to amend is not required where "the problem with [plaintiff's] causes of action is

substantive" such that "[b]etter pleading will not cure it."[27]

---

[24]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's
conclusory allegations of a due process violation were insufficient) [internal quotation and
citation omitted].

[25]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[26]     *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2
(E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended
complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384
(S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[27]     *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted];  *see, e.g.*, *See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7
(N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error
in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS'
established grievance process–was substantive and not formal in nature, rendering repleading
futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors
in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and
not formal in nature, rendering repleading futile) [citations omitted]; *Hylton v. All Island Cob
Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff
opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because
the errors in his complaint–which included the fact that plaintiff alleged no violation of either the

13

However, while this special leniency may somewhat loosen the procedural rules
governing the form of pleadings (as the Second Circuit has observed),[28] it does not completely
relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and
12.[29]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the
requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights
plaintiffs must follow.[30]  Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal

_____

Constitution or laws of the United States, but only negligence–were substantive and not formal in
nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D.
Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his
complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the
defendants were protected from liability by Eleventh Amendment immunity–was substantive and
not formal in nature, rendering repleading futile).

[28]         *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5
(2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally]
entails, at the very least, a permissive application of the rules governing the form of pleadings.")
[internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d
Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of
important rights because of their lack of legal training . . . should not be impaired by harsh
application of technical rules.") [citation omitted].

[29]         *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading
standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from
dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101
F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691 [unpublished disposition cited
only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within
the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[30]         *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,
834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant
rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of
procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.
1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural

rules of pleading are not absolutely suspended."[31]

## III.    ANALYSIS

### A.    Claims Against Defendants in Their Official Capacities

Plaintiff's complaint names Defendants "in their individual capacities and in their official

capacities as officials of the New York State Department of Corrections."  (Dkt. No. 1 at 2.)

Defendants argue that Plaintiff's claims against them in their official capacities are barred by the

Eleventh Amendment.  (Dkt. No. 42-4 at 3.)  Defendants are correct.

The Eleventh Amendment has long been construed as barring a citizen from bringing a

suit against his or her own state in federal court, under the fundamental principle of "sovereign

immunity."  *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");

*Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S.

261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State

immunity extends not only to the states, but to state agencies and to state officers who act on

behalf of the state.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47

(1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-06 (1984).   DOCS

employees are state officials for the purposes of the Eleventh Amendment.  *See e.g. Davis v. New*

---

and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir.
2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply
with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or
prejudice the adverse party").

[31]    *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y.
1980).

*York*, 316 F.3d 93, 101 (2d Cir. 2002); *Tolliver v. NY State Correctional Officers*, No. 99 CIV

9555, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14, 2000)("All of the defendants in this case are

state officials because they are employees of the New York State Department of Correctional

Services.").  Where it has been successfully demonstrated that a defendant is entitled to sovereign

immunity under the Eleventh Amendment, the federal court lacks subject matter jurisdiction over

the case, and "the case must be stricken from the docket."  *McGinty v. State of New York*, 251

F.3d 84, 100 (2d Cir. 2001) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3).

      Here, the face of the complaint alleges that Defendants are each "officials of the New

York State Department of Corrections."  (Dkt. No. 1 at 2.)  Therefore, any claims against

Defendants in their officials capacities are barred by the Eleventh Amendment.  Accordingly, I

recommend that the Court grant Defendants' motion and dismiss all claims against Defendants in

their official capacities[32].

### B.    Medical Care Claims

      Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate

medical care by refusing to allow him to participate in the Intermediate Care Program.  (Dkt. No.

1 at 5.)  The Intermediate Care Program is a program for prisoners with mental health issues that

provides treatment, medication, group therapy, and other counseling.  (Dkt. No. 42-5, P's Depo.

at 35:22-36:6.)

---

[32]    It is not clear from Defendants' papers whether they intended to move for summary judgment dismissing the claims against *all* of the remaining Defendants in their official capacities or whether they moved solely on behalf of Defendants Rourke, Eagen, and Graham. To the extent that Defendants neglected to explicitly move on behalf of Defendants Wolcyzk and Selsky, I recommend that the Court *sua sponte* dismiss any claims against those Defendants in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B).

To prevail on an Eighth Amendment claim of inadequate medical care, a plaintiff must show two things: (1) that the plaintiff had a *sufficiently serious* medical need; and (2) that the defendant was *deliberately indifferent* to that serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Defendants argue that Plaintiff can establish neither that he suffered from a sufficiently serious medical need nor that Defendants were deliberately indifferent.  (Dkt. No. 42-4 at 5-8.)  I find that Plaintiff suffered from a sufficiently serious medical need but that Defendants were not deliberately indifferent to that need.

1.    Serious Medical Need

Defendants argue that Plaintiff cannot establish that he suffered from a sufficiently serious medical need because "Plaintiff acknowledges that his allegations are only with regard to his mental health treatment and not medical treatment."  (Dkt. No. 42-4 at 6-7.)

To be sufficiently serious for purposes of the Constitution, a medical condition must be "a condition of urgency, one that may produce death, degeneration, or extreme pain."  *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) [citations omitted], *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance* , 143 F.3d at 702.

Neither Defendants nor Plaintiff have provided the Court with any of Plaintiff's medical records to establish the precise nature of Plaintiff's mental health diagnosis.  The evidence before the Court establishes that Plaintiff was initially prescribed the medication Celexa in February 2005 and has been compliantly taking it.  (Dkt. No. 42-5, P's Depo. at 33:18-34:3; Dkt. No. 42-6 at 3, Intermediate Care Program Referral form.)  Celexa is prescribed to treat major depression.

17

The PDR Pocket Guide to Prescription Drugs 275 (Bette LaGow, ed., 7th ed. 2005).  Plaintiff
states that he began having suicidal thoughts sometime prior to October 25, 2005.  (Dkt. No. 43
at 3.)  He attempted suicide on July 5, 2008, and October 12, 2008.  *Id*.  I find, based on the
limited information in the record before me, that Plaintiff suffered from major depression with
suicidal ideation at the time he was denied entrance into the Intermediate Care Program in
September 2005.

Neither party has cited any case law discussing whether depression, either with or without
suicidal ideation, is a "sufficiently serious" medical condition for Eighth Amendment purposes.  I
have independently researched the issue and located limited published case law on the subject.
The First Circuit has found that depression combined with severe anxiety attacks or suicide
attempts is a serious medical need.  *Mahan v. Plymouth County House of Corrections*, 64 F.3d
14, 16, 18 (1st Cir. 1995); *Torraco v. Maloney*, 923 F.2d 231, 235 n. 4 (1st Cir. 1991).  A District
Court in Delaware has presumed that a combination of depression, anxiety, and post-traumatic
stress disorder is a serious medical need.  *Simpson v. Penobscot County Sheriff's Dept.*, 285 F.
Supp. 2d 75 (D. Me. 2003).  A District Court in North Dakota has held that self-diagnosed
depression with suicidal ideation is not a serious medical condition for Eighth Amendment
purposes, but depression that actually manifests in attempted suicide is sufficiently serious.
*White v. Crow Ghost*, 456 F. Supp. 2d 1096, 1102-03 (D.N.D. 2006).

Here, Plaintiff was not merely self-diagnosed: prison officials prescribed Celexa to treat
his depression.  Although he did not attempt suicide until three years after he was denied
admission to the Intermediate Care Program, these later attempts illustrate that his suicidal
thoughts in 2005 were not ephemeral.  In light of these facts, and because the summary judgment

18

standard requires the Court to resolve all ambiguities and draw all reasonable inferences against

the moving party, I will assume that Plaintiff suffered from a sufficiently serious medical need.

            2.    <u>Deliberate Indifference</u>

Defendants argue that even if Plaintiff had a serious medical need, they were not

deliberately indifferent to it.  (Dkt. No. 42-4 at 7-8.)  Defendants are correct.

Defendants Rourke, Eagen, and Graham are not medical personnel.  (Dkt. No. 42-5, P's

Depo. at 45:25-46:7.)  "Non-medical personnel engage in deliberate indifference where they

intentionally delayed access to medical care when the inmate was in extreme pain and has made

his medical problem known to attendant prison personnel."  *Baumann v. Walsh*, 36 F. Supp. 2d

508, 512 (N.D.N.Y. 1999)(Scullin, J., adopting Report-Recommendation of Sharpe, M.J.).  Here,

Plaintiff was not denied access to mental health care.  Beginning in February 2005, Plaintiff was

seen by mental health providers once a month.  (Dkt.  No. 42-5, P's Depo. at 18:7-20:14.)  As

discussed above, he was also prescribed Celexa, an anti-depressant.  While Plaintiff may have

preferred to receive his mental health treatment through the Intermediate Care Program, he was

not constitutionally entitled to his preferred care.  "It is well established that mere disagreement

over the proper treatment does not create a constitutional claim."  *Chance v. Armstrong*, 143 F.3d

698, 703 (2d Cir. 1998).  Therefore, I find that there is no genuine issue of material fact showing

that Defendants Rourke, Eagen, or Graham were deliberately indifferent to Plaintiff's serious

medical need.  Accordingly, I recommend that Defendants' motion for summary judgment

dismissing Plaintiff's Eighth Amendment medical care claim be granted.

In light of my finding that Defendants are entitled to summary judgment dismissing

Plaintiff's Eighth Amendment medical care claim on the constitutional merits, I decline to

address Defendants' arguments regarding personal involvement and qualified immunity.

      **ACCORDINGLY**, it is

      **RECOMMENDED** that Defendants' motion for partial summary judgment (Dkt. No. 42)

be **<u>GRANTED</u>** .  It is recommended that the Court (1) dismiss Plaintiff's claims against all

Defendants in their official capacities; and (2) dismiss Plaintiff's Eighth Amendment medical

care claim against Defendants Rourke, Eagen, and Graham, thus terminating those Defendants

from this litigation; and it is further

      **RECOMMENDED** that this matter be set for a pretrial conference on Plaintiff's Eighth

Amendment conditions of confinement claim against Defendants Wolczyk and Selsky.

      Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE</u>**

**<u>APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: April 20, 2009
      Syracuse, New York

                         George H. Lowe
                        United States Magistrate Judge