**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NICHOLAS ZIMMERMAN,**

           **Plaintiff,**         No. 9:06-cv-0176
                                                      (GLS/GHL)
      **v.**

**JOHN W. BURGE,** Superintendent of
Auburn Correctional Facility, *et al.*,

           **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**

NICHOLAS ZIMMERMAN
*Pro Se*
02-A-1663
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO      HEATHER R. RUBINSTEIN, ESQ.
New York Attorney General        Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Nicholas Zimmerman, an inmate at Auburn Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging that defendants, Joe Wolczyk, Donald Selsky, Captain Rourke, Harold Graham, and Thomas Eagen of the New York State Department of Correctional Services (DOCS), violated his Eighth Amendment rights by sentencing Zimmerman to a term of ten years in solitary confinement with limited visitation privileges and denying him participation in the Intermediate Care Program (ICP).[1] (*See* Compl., Dkt. No. 1.) Defendants moved for partial summary judgment seeking dismissal of Zimmerman's (1) Eighth Amendment medical care claim and (2) suit against defendants in their official capacity. (Dkt. No. 42.) In a Report and Recommendation Order (R&R) filed April 20, 2009, Magistrate Judge George H. Lowe recommended that defendants' motion for partial summary judgment be granted.[2] (Dkt. No. 44.) Pending are Zimmerman's timely objections to the R&R. (Dkt. No. 45.) For the reasons

---

[1] Plaintiff's additional claims against additional defendants were dismissed on March 28, 2008. (Dkt. No. 35.)

[2] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

that follow, the R&R is adopted and defendants motion for partial summary judgment is granted.

## II.  Discussion

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

First, with regards to Zimmerman's Eighth Amendment claim, Judge Lowe determined that, even if Zimmerman had a sufficiently serious medical need, defendants Rourke, Eagen, and Graham were not deliberately indifferent to such a need.  (*See*  R&R at 19, Dkt. No. 44.) Specifically, Judge Lowe explained that while Zimmerman received monthly care and prescription drugs from mental health providers, "he was not constitutionally entitled to his preferred care."  (R&R at 19, Dkt. No. 44.)

3

In response, Zimmerman claims that this finding was incorrect: "this was not only the care that (I) preferred, but the care that my doctor preferred (by his recommendation) as well." (Objections at 4, Dkt. No. 45; *see also id.* at 4-7 (listing Mental Health Unit personnel, Prisoners' Legal Services representatives, and a number of publications as further support for his objection).)  In light of Zimmerman's specific objection, the court has reviewed the relevant portion of the R&R de novo.  The court concurs with Judge Lowe's conclusion, for "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citation omitted).

Zimmerman also generally objects to Judge Lowe's finding that defendants Rourke, Graham, and Eagen were not deliberately indifferent. (*See* Objections at 1-2, Dkt. No. 45.)  While he does not object to Judge Lowe's finding that Rourke, Graham, and Eagen are not medical personnel, Zimmerman contends that they interfered with his prescribed treatment by failing to transfer him to the ICP.  (*See id.* at 2.)  Upon de novo review, it is clear that Zimmerman received adequate treatment.  Furthermore, Zimmerman has failed to raise a genuine issue of material

4

fact showing that Rourke, Graham, or Eagen intentionally delayed or denied Zimmerman's access to medical care. *See Baumann v. Walsh*, 36 F. Supp.2d 508, 512 (N.D.N.Y. 1999). Accordingly, Judge Lowe's recommendation that Zimmerman's medical care claims against Rourke, Graham, and Eagen be dismissed was appropriate.

Lastly, Judge Lowe recommended that the court grant the motion for summary judgment with regards to all claims against all defendants in their official capacities. (*See* R&R at 16, 16 n.32, Dkt. No. 44.) Zimmerman has failed to raise any objections to these recommendations. Therefore, upon review for clear error, the court finds that the R&R correctly concluded that Zimmerman's claims against all the defendants in their official capacity should be dismissed.

In summary, upon reviewing the remainder of the R&R for clear error, the court finds no error. The R&R is adopted in its entirety, and, for the reasons articulated therein, defendants' motion for partial summary judgment is granted.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's Report and

Recommendation is adopted and defendants' motion for partial summary judgment is granted, whereby:

1. Zimmerman's Eighth Amendment medical care claims against defendants Rourke, Graham, and Eagen are dismissed;

2. Zimmerman's claims against each remaining defendant in his official capacity is dismissed; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
September 24, 2009

_____
United States District Court Judge